STATE EX REL. SCHOOL CITY OF RICHMOND *v.* KAUFMAN, ETC., ET AL.

[No. 19,581. Filed June 19, 1963.]

*Brown, Reller, Mendenhall & Kleinknecht,* and *Richard B. Kleinknecht,* of Richmond, for appellant.

*Edward H. Knight, Hagemier & Shannon*, of counsel, both of Indianapolis and *Russell E. Wise*, of Union City, for appellees.

RYAN, J.—This is an appeal from the sustaining of a demurrer to a third amended complaint.

The complaint alleges in substance that the School City of Richmond, Indiana, advertised for bids for the construction of a school building; that the appellee Kaufman's bid was the lowest of five bids received, and that along with his bid he submitted a "bid bond" with the appellee Indiana Bonding & Surety Company as surety thereon. The complaint further alleges that the bids exceeded the sum appropriated, and that after a conference with the appellee Kaufman an agreement was executed whereby Kaufman agreed to furnish the materials and perform the work for a sum within the appropriated amount and "granted to said School City of Richmond, Indiana an option to accept the remainder of his said bid . . ." from funds to be available at a later date. Thereafter the complaint alleges that appellee Kaufman failed to furnish a performance bond in an amount equal to one hundred (100%) per cent of the contract sum, and that the contract was then terminated by the Board of School Trustees of the School City of Richmond. That the appellant has made demand upon the appellees for the total amount of the bid bond submitted, and that the total sum is now due and unpaid, and praying that the appellant be granted judgment for the full amount of the bid bond.

Appellant states in its brief that

"The sole question thus presented by this appeal is whether the failure of the appellee Kauf-

man to furnish a performance bond acted as a forfeiture of the bid bond, or whether the rule that courts incline against forfeiture applies to this situation and that the bid bond can only be regarded as a penalty and thus cover only actual damages sustained by reason of such failure to furnish a performance bond."

The bond which was submitted by the appellee Kaufman along with his bid, and which was accepted by the appellant, contains the provisions to "pay any person, firm or corporation any loss or damage suffered . . . ."

The language of the bond is thus predicated upon actual loss or damage. Appellant having accepted it, we see no valid reason without legislative action to enlarge its plain and unambiguous language. Appellant having failed to allege that it suffered any actual loss or damage has thereby failed to state a cause of action.

Under this view of the case we need not therefore enter into a discussion of other questions which we feel might be presented.

Judgment affirmed.

Carson, P. J., and Clements and Cooper, JJ., concur.

NOTE.—Reported in 191 N. E. 2d 106.